IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVERE ANDRE HALL, SR.,** | : | |
| *Plaintiff*, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **SEPTA – SOUTHEASTERN PUBLIC** | : | |
| **TRANSPORTATION AUTHORITY et al.,** | : | No.  15-418 |
| *Defendants*. | : | |

PRATTER, J.                                                                                                NOVEMBER 21, 2016

## MEMORANDUM

Devere Andre Hall, Sr. sued the Southeastern Pennsylvania Transportation Authority ("SEPTA"),[1] SEPTA Police Commissioner Thomas J. Nestel, III, SEPTA Police Officer Joaquin Ramos, and SEPTA employee John Ammons (together with Messrs. Nestel and Ramos, the "Individual Defendants"),[2] alleging a number of federal constitutional violations arising out of an incident on a SEPTA bus whereby Mr. Hall was allegedly assaulted by an intoxicated passenger.  For the reasons that follow, the Court will grant the Defendants' Motion to Dismiss.

**I.     ALLEGATIONS IN THE AMENDED COMPLAINT**

Mr. Hall alleges that an intoxicated passenger verbally and physically assaulted him on a SEPTA bus.  As a result, Mr. Hall alleges he suffered a "broken patella fracture of [his] left knee" and mental anguish.  Am. Compl. pp. 3, 5 (Doc. No. 5).  Mr. Hall alleges that SEPTA and its employees' failure to prevent his assailant from drinking on the bus resulted in the alleged

---

[1] While the Amended Complaint names the Southeastern Public Transportation Authority as a defendant, the Court will assume that Mr. Hall, acting *pro se*, intended to name the Southeastern Pennsylvania Transportation Authority as a defendant.

[2] Mr. Hall also sued the Philadelphia Police Department and Philadelphia District Attorney Seth Williams.  The Court, however, has already dismissed all claims against the Police Department and District Attorney Williams.  Dec. 7, 2015 Order (Doc. No. 7).

1

assault. Mr. Hall also claims that, prior to the assault, SEPTA employees did not require his alleged assailant to move from seating reserved for the disabled and elderly.[3]

Following the assault, Mr. Hall alleges that the police, including Joaquin Ramos, did not criminally charge his alleged assailant, but rather charged Mr. Hall with disorderly conduct. Mr. Hall also claims that SEPTA employees failed to "preserve evidence" by failing to collect the beer can or bottle Mr. Hall's alleged assailant was drinking from prior to the alleged assault. Am. Compl. pp. 2-3.

## II.  LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). The question is not whether the claimant will ultimately prevail, but whether the complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 131 S. Ct. 1289, 1296 (2011).

---

[3]  Mr. Hall's Amended Complaint appears to suggest that he was disabled and/or wheelchair bound at the time of the incident.

When deciding a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

### III. DISCUSSION

Mr. Hall purports to bring a number of federal constitutional claims against SEPTA and the Individual Defendants pursuant to 42 U.S.C. § 1983. Section 1983 affords individuals with a remedy when state actors violate their federally protected rights. *See Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004). In order to make out a cognizable § 1983 claim, a plaintiff must establish "that a person acting under color of law deprived him of a federal right." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). When asserting a § 1983 claim against a municipality or local government entity pursuant to *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658 (1978), a plaintiff must show that a governmental "policy or custom" led to the deprivation of his or her federal rights. *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). A municipality or local government entity cannot be held liable under § 1983 on a theory of vicarious liability. *Id.*

Defendants argue that the Court must dismiss Mr. Hall's Amended Complaint because it does not allege that SEPTA maintained a policy or custom that deprived Mr. Hall of any

3

federally protected rights or that any defendant was personally involved in depriving Mr. Hall of any federally protected right.

### A. Claims Against SEPTA

Courts treat SEPTA as a municipal agency when determining its liability under § 1983. *Brown v. SEPTA*, 539 F. App'x 25, 27 (3d Cir. 2013) (citing *Bolden v. SEPTA*, 953 F.2d 807, 821 (3d Cir. 1991) (en banc); *Searles v. SEPTA*, 990 F.2d 789, 790 (3d Cir. 1993)). Accordingly, to establish liability against SEPTA, a plaintiff must demonstrate that SEPTA maintained a custom or policy that was the "moving force behind" the alleged violations of his or her federal rights. *Berg*, 219 F.3d at 276 (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (internal quotation marks omitted)). In order to make out a § 1983 claim against a municipal agency where the alleged policy or custom "does not facially violate federal law," a plaintiff must demonstrate "that the municipal action was taken with deliberate indifference as to its known or obvious consequences." *Id.* (internal quotation marks omitted).

Here, Mr. Hall's Amended Complaint fails to plead any allegations related to policies or customs maintained by SEPTA, let alone a policy or custom that was a "moving force behind" Mr. Hall's alleged injuries. Rather, Mr. Hall has alleged that SEPTA and its employees failed to prevent Mr. Hall's alleged assailant from drinking alcohol in public. Mr. Hall has not, for example, alleged that SEPTA maintained a policy permitting its passengers to drink alcohol and become intoxicated on its busses. In fact, Mr. Hall's Amended Complaint explicitly states that SEPTA busses contain a sign prohibiting eating and drinking.

Because courts are instructed to construe the pleadings of *pro se* litigants liberally, *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), the Court will interpret Mr. Hall's Amended Complaint to

contain a "failure to train" claim under *Monell* based on the theory that SEPTA failed to train its employees on how to prevent public intoxication on its busses. A municipal entity's failure to train its employees "can ordinarily be considered deliberate indifference [sufficient to sustain a *Monell* claim] only where the failure has caused a pattern of violations." *Berg*, 219 F.3d at 276. When a plaintiff cannot demonstrate a pattern of violations, he or she must meet a high burden to show that the alleged violation of federal rights was "a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Id.* (quoting *Bryan Cty.*, 520 U.S. at 409). Here, Mr. Hall has only alleged that SEPTA and/or its employees failed to stop his assailant from drinking in public. Mr. Hall has not demonstrated any pattern of violations whereby SEPTA turned a blind eye towards physical assaults on its bus passengers as a result of public intoxication. Nor has Mr. Hall shown that SEPTA failed to equip its police officers with any specific tools to deal with public intoxication on SEPTA busses, or that his injuries were a predictable consequence of such a failure. Accordingly, the Court determines that Mr. Hall has failed to state a *Monell* claim against SEPTA.

The Court will also construe the Amended Complaint to contain a Due Process Clause violation pursuant to the "state-created danger" theory. While the Fourteenth Amendment generally confers no affirmative duty on the government to protect its citizens from violent acts by private citizens, *see DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, 489 U.S. 189, 195-97 (1989), the Third Circuit Court of Appeals has acknowledged the state-created danger theory as an exception to this general rule. *Kneipp v. Tedder*, 95 F.3d 1199, 1208 (3d Cir. 1996). In order to state a viable claim under the state-created danger theory, a plaintiff must show the following:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) the state actor acted in willful disregard for the safety of the plaintiff; (3) there existed some relationship between the state and the plaintiff; (4) the state actors used their

authority to create an opportunity that otherwise would not have existed for the [harm] to occur.

*Id.* A failure to establish any one of these elements is fatal to a plaintiff's claim. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Here, it is clear that Mr. Hall cannot establish the fourth element of the test, which requires a "showing that state authority was affirmatively exercised in some fashion." *Id.* at 236; *see also Bright v. Westmoreland Cty.*, 443 F.3d 276, 282 (3d Cir. 2006) ("It is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause."). Mr. Hall's claims against SEPTA are premised on SEPTA's failure to prevent his alleged assailant from drinking alcohol in public and subsequently attacking him. There is simply no allegation of any affirmative action by SEPTA. Accordingly, the Court determines that Mr. Hall has failed to state a plausible § 1983 claim based on a state-created danger theory.[4]

### B. Claims Against the Individual Defendants

In order to sustain a § 1983 claim against an individual acting under the color of state law, a plaintiff must demonstrate that the defendant was personally involved in the alleged violations of his or her federal rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* If a plaintiff attempts to premise his or her § 1983 claim on a defendant's "actual knowledge and acquiescence," the plaintiff's allegations "must be made with

---

[4] Mr. Hall has alleged a violation of the Twenty-Fifth Amendment for Defendants' failure to "intervene on [his] behalf." Am. Compl. p. 4. The Court will treat this allegation as a Due Process Clause claim based on the state-created danger theory because the Twenty-Fifth Amendment concerns procedures related to presidential succession. This allegation does not make out a plausible claim for relief based on the state-created danger theory because it fails to allege any affirmative action by any of the Defendants. *See Phillips*, 515 F.3d at 235.

Furthermore, Mr. Hall's allegation that SEPTA violated the Twenty-First Amendment for transporting alcohol does not entitle him to any relief.

appropriate particularity." *Id.* Mr. Hall's Amended Complaint fails to allege that any of the Individual Defendants were personally involved in the violation of his federal rights.

Mr. Hall's Amended Complaint contains three possible allegations pertaining to the Individual Defendants. First, Mr. Hall alleges that his Fourth Amendment rights were violated when "three SEPTA employee's [sic] failed to preserve evidence by allowing [Mr. Hall's assailant] to throw away an 'Ice House' beer." Am. Compl. p. 2. This allegation fails to allege personal involvement because it neither identifies any of the Individual Defendants as one of the three officers nor does it allege any facts that would support a plausible claim that the "three SEPTA employee's [sic]" took any action with regard to Mr. Hall's Fourth Amendment rights.

Second, Mr. Hall appears to allege that Officer Ramos violated his Fourth, Fifth, Sixth, and Eighth Amendment rights by (i) "charging" him for disorderly conduct even though his knee was "broken" and (ii) failing to "sanction" Mr. Hall's alleged assailant.[5] Am. Compl. pp. 3-4. These allegations, on their face, fail to allege any facts that could plausibly support a finding that Officer Ramos took any actions that violated Mr. Hall's Fourth, Fifth, or Sixth Amendment Rights. Furthermore, the Court will construe Mr. Hall's Eighth Amendment claim as a Fourteenth Amendment claim for inadequate medical care because the Eighth Amendment is not implicated until after an individual has been sentenced or convicted. *See Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). To establish a Fourteenth Amendment Due Process Clause claim for inadequate medical care, a plaintiff must demonstrate "(i) a serious medical need, and (ii) acts or omissions by . . . officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582. The Amended Complaint does not allege any acts or omissions by Officer Ramos or any other

---

[5] The Amended Complaint does appear to state that Officer Ramos issued a "summons" to Mr. Hall's alleged assailant.

7

defendant that could plausibly support a Fourteenth Amendment claim for inadequate medical care.

Third, Mr. Hall alleges that each of the Individual Defendants failed to recognize that Mr. Hall's alleged assailant was drinking alcohol prior to the alleged altercation in violation of an unarticulated federal right.  Because the Amended Complaint does not allege that any of the Individual Defendants were present either when the alleged altercation occurred or any time prior to the alleged altercation, the Court does not find it plausible that any of the Individual Defendants were present at the time of the incident to have recognized the intoxicated state of Mr. Hall's alleged assailant.  Nor is it apparent from the Amended Complaint what federal right the Individual Defendants allegedly violated by failing to recognize that Mr. Hall's alleged assailant was drinking alcohol.

Accordingly, the Court determines that Mr. Hall has failed to state a plausible claim for relief against the Individual Defendants because the Amended Complaint contains no allegations that could support a finding that the Individual Defendants were personally involved in any violation of Mr. Hall's federal rights.[6]

### C. ADA

Mr. Hall alleges that SEPTA "failed to provide safe transportation for persons . . . with disabilities" because no SETPA employee removed Mr. Hall's alleged assailant from the bus seats designated for the elderly and disabled.  Am. Compl. p. 5.  The Court will interpret this

---

[6] Mr. Hall also alleges that his Ninth and Fourteenth Amendment rights were violated because his alleged assailant was not charged with any violations of the "Purdons Criminal Codes."  Am. Compl. p. 4.  The Ninth Amendment, however, "does not independently provide a source of individual constitutional rights."  *Clayworth v. Luzerne Cty., Pa.*, 513 F. App'x 134, 137 (3d Cir. 2013) (citing *Jenkins v. Comm'r of IRS*, 483 F.3d 90, 92 (2d Cir. 2007)).  Furthermore, this allegation cannot sustain a Fourteenth Amendment Due Process Clause or Equal Protection Clause claim because a private citizen does not have a judicially cognizable interest in the criminal prosecution or nonprosecution of another.  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

8

allegation as a claim for relief under § 12132 of the Americans with Disabilities Act. Section 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006). In order to obtain compensatory damages as a remedy for an ADA violation, a plaintiff must establish intentional discrimination. *D.E. v. Central Dauphin Sch. Dist.*, 765 F.3d 260, 269 (3d Cir. 2014).[7] Mr. Hall has failed to plead a cognizable claim under the ADA for two reasons.

First, the Amended Complaint does not contain sufficient factual information to determine whether Mr. Hall was a qualified individual with a disability as defined by the ADA. The ADA defines disability as (i) "a physical or mental impairment that substantially limits one or more major life activities of such individual," (ii) "a record of such an impairment," or (iii) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Throughout the Amended Complaint, Mr. Hall alleges that he has "disabilities" and that he is a "wheelchair disabled person." *See, e.g.*, Am. Compl. p. 4. However, the Amended Complaint does not contain sufficient factual information to determine (i) whether Mr. Hall was disabled/confined to a wheelchair at the time of the alleged incident or if his alleged disability was a result of the incident or (ii) that Mr. Hall's alleged disability has interfered with any major life activities.

Second, even if the Amended Complaint could establish a *prima facie* case of discrimination under the ADA, Mr. Hall has presented no facts demonstrating that any of the defendants intentionally discriminated against him on the basis of his alleged disability. Accordingly, the Court determines that the Amended Complaint does not state a cognizable

---

[7] Mr. Hall's Amended Complaint does not contain any indication that Mr. Hall is seeking equitable relief. Accordingly, the Court will consider Mr. Hall's purported ADA claim as a claim for compensatory damages.

claim for relief pursuant to the ADA.  *See McCree v. SEPTA*, No. 07-4908, 2009 WL 166660, at *12 (E.D. Pa. Jan. 22, 2009).[8]

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is granted.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[8] To the extent Mr. Hall's Amended Complaint contains any state-law tort claims against SEPTA or the Individual Defendants, the Amended Complaint also fails.  Both SEPTA and its employees are immune from any such state-law claims by virtue of the Pennsylvania Sovereign Immunity Act.  *See* 1 Pa.C.S. § 2310; *Toombs v. Manning*, 835 F.2d 453, 463 (3d Cir. 1987) (finding that SEPTA is a "Commonwealth agency" for purposes of the Pennsylvania Sovereign Immunity Act).  The facts contained in the Amended Complaint do not trigger any of the exceptions to sovereign immunity provided by state law.  *See* 42 Pa.C.S. § 8522 (listing exceptions to sovereign immunity).